IN THE COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION

DON PARIS,                                    )
                                              )
        Plaintiff/Appellant                   )
                                              )
VERSUS                                        )        NO. 01A01-9702-CH-00054
                                              )
CITY OF LEBANON                               )        Wilson Co. Chancery No. 9950
PERSONNEL REVIEW BOARD,                       )
                                              )
        Defendant/Appellee                    )

FILED

October 3, 1997

Cecil W. Crowson
Appellate Court Clerk

## O P I N I O N

This case is before the Court on Appeal from the Chancery Court of Wilson County, Tennessee, wherein the Chancellor dismissed a Petition for Certiorari under T.C.A. §27-9-101 and T.C.A.§27-9-102, as having been untimely filed.

The proceedings in the Court below are to say the least unusual.

Appellant, Don Paris had been employed as a police officer by the City of Lebanon for more than twenty (20) years when he became involved in a disciplinary proceeding because of his alleged disorderly conduct on October 12, 1993.  Disciplinary action was taken by Acting Chief of Police, Billy Weeks, which action was promptly appealed by Lt. Paris to the Personnel Review Board.  A hearing before the Personnel Review Board was set for January 6, 1994 with Lt. Paris represented by his own retained attorney.

Prior to this hearing, Lt. Paris and his attorney, Richard Brooks entered into a settlement agreement with Acting Police Chief, Billy Weeks and Lebanon City Attorney, Calvin P. Turner.

This settlement agreement provided in pertinent part:

". . . it is agreed upon by the parties and approved by the Board as follows:

1.      Lt. Paris will submit to routine physiatric (sic) evaluations for

1

officers involved in violent altercations.

2.     Lt. Paris will attend such supervisory training as the Acting Chief or his successor shall require.

3.     Lt. Paris shall make an immediate appointment with Jim Harding and will attend such counseling as is recommended by Mr. Harding or the Wilson County Mental Health Center and/or the Acting Chief or his successor.

4.     Immediately upon approval of the Wilson County Mental Health Center, Lt. Paris shall return to his regular shift of 10:00 a.m. until 6:00 p.m. and return to duty as a Lieutenant and shall be on probationary status for six months. Failure to comply with this agreement will result in termination. Satisfactory completion of this agreement will remove probationary status at the end of six months.

Entered this the 6th day of January, 1994."

Because of this settlement agreement, the hearing scheduled before the Personnel Review Board for January 6, 1994 was canceled. Lt. Paris reported to the Lebanon Clinic of Cumberland Mental Health Services, Inc.

A change of city administration occurred and Charles Tomlinson became the new Chief of Police of the Lebanon Police Department.

On February 23, 1994, Clinical Psychologist, Sandra De Mott Phillips, Ph.D., addressed a letter to Chief of Police Tomlinson stating:

"After careful consideration of the results of my initial interview with Mr. Paris and the psychological testing which was administered, I have concluded that Mr. Paris would not meet P.O.S.T. Commission standards for mental stability if he were applying for a position as a police officer."

On February 24, 1994, Chief Tomlinson addressed to Lt. Paris a letter which was received by Lt. Paris on February 26, 1994, reading in pertinent part:

"This letter is to notify you of your termination from the City of Lebanon due to the agreement you and your attorney presented to the Personnel Appeal Hearing on January 6, 1994.

We are taking the appropriate action required by the agreement that you agreed to. You have not met the agreed requirements therefore we are terminating you as of February 28, 1994. You may get a copy of the

2

results from the Mental Health Center from the Personnel Office.

> You may pick up your check for the balance of your vacation leave at the Lebanon Police Department on March 11, 1994. At that time, please bring with you any keys, uniforms, or other city property which needs to be returned."

Instead of appealing the action of Chief Tomlinson to the Personnel Review Board of the City of Lebanon, Lt. Paris on April 29, 1994, filed in the Chancery Court for Wilson County, Tennessee, a document entitled:

> "Petition for Certiorari to Review the Actions and/or Judgement of the City of Lebanon Personnel Review Board under the Provisions of Code Section §57-5-109, Tennessee Code Annotated."

These Code Section Citations are clearly a misdesignation since T.C.A. §57-5-101 et seq., deals with permits to sell beer and alcoholic beverages.

Without any mention of applicable Code Sections, a Writ of Certiorari was issued by the Chancellor with command to the Mayor or Personnel Director of the City of Lebanon to send a certified transcript of all records and proceedings to the Chancery Court.

On June 22, 1994, City Attorney, William E. Farmer filed his Answer to the Certiorari Petition raising among other defenses a lack of subject matter jurisdiction.

In October, 1994, City of Lebanon filed a Motion for Summary Judgement, which was responded to by the Plaintiff on November 24, 1994.

The Motion for Summary Judgement by the City was heard before the Chancellor on November 30, 1994 and an Order agreed to by counsel for both parties was entered pursuant to this November 30, 1994 hearing, on the date of January 3, 1995. This Order provided in part:

> "1.     The Court found the record submitted to be insufficient and therefore the Court ordered that the matter be remanded for the taking of

additional evidence concerning the issues involved.

2.      Upon being advised that the City of Lebanon Personnel Review Board was no longer used in reviewing personnel items, but has been replaced by the procedure of an Administrative Law Officer, who is a licensed attorney, the Court stated that upon this Order of Remand, the proceedings should be returned to the Lebanon Personnel Review Board or its legally authorized successor, an Administrative Law Officer.

3.      Furthermore, the Court directed that upon remand the Administrative Law Officer receive evidence upon the issues, and upon accumulating an additional record the matter shall be reviewed by the Chancery Court of Wilson County, Tennessee.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the proceedings in this matter are hereby remanded to a City of Lebanon Administrative Law Officer for the express purpose of receiving evidence on the issues in this cause.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that upon receipt of the evidence and accumulation of a record, the matter shall be further reviewed by the Chancery Court of Wilson County, Tennessee.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgement and/or Motion to Dismiss are deferred until evidence has been received as stated herein."

Pursuant to this Order of Remand from the Chancery Court, extensive testimony was taken before the Administrative Law Officer resulting in a report from Administrative Law Officer, David B. Fouch, under date of March 26, 1996, wherein the Administrative Law Officer essentially found all the issues in favor of Lt. Paris holding that the City had breached the contract of settlement of January 6, 1994 and essentially recommending the reinstatement of Lt. Paris to duty.

All of this record was then certified back to the Court, with a hearing set for Tuesday, September 10, 1996.

Prior to the hearing, the City of Lebanon renewed its Motion for Summary Judgement referring particularly to T.C.A. §27-9-101 and asserting again lack of subject matter jurisdiction, because the original Petition had been untimely filed.

4

The hearing of September 10, 1996, before the Chancellor was confined to a very lengthy discussion between counsel and the Court. At the conclusion of this lengthy discussion, the Trial Court took a recess and then returned and made its decision, dismissing the Certiorari Petition in its entirety. The heart of the Trial Court decision appears in the following statement:

> "And I don't know what I ordered about going back to this administrative board. I may very well have ordered that. If I did, I made a mistake. I apparently made a mistake because I signed the order saying that.
>
> I believe y'all have put me into an awkward position. A very uncomfortable position. There's no use going on and making a lot of other errors. So, we're going to do what's right.
>
> What's right is, in reading this code section here, TCA 27-9-102: 'Such parties shall within 60 days' -- And y'all are not open for anymore argument, by the way. 'Such parties shall within 60 days from entry of the order or judgement, file a petition of certiorari in the Chancery Court.'
>
> But, it says 60 days from entry of order or judgement. And that's not talking about somebody's judgement in their mind. It's talking about a written order or written judgement. I think we all know that.
>
> Obviously, the decision of a police chief is not an order or a judgement.
>
> The only order or judgement that has been entered is the agreed order of January 6. Which honestly, if Richard Brook's client, Mr. Paris--Is that his name, Paris?
>
> MR. BROOKS:     Yes, sir.
>
> THE COURT:     If Paris was appealing from that, he would be barred, obviously by the 60 day rule. But from reading this, I don't think that's what Mr. Brooks and his client are appealing. I don't think they're appealing the January 6, 1994 order. I think they're in agreement with it.
>
> I think what they are really dissatisfied with is him being discharged on February 28, 1994.
>
> • • •
>
> THE COURT:     Anyway, as I was saying. What Mr. Brooks and his client is appealing from is this February 28, 1994 decision of discharge.
>
> And Mr. Brooks has untimely filed a writ of certiorari. The law requires all administrative remedies be exhausted before you come to this Court. I think we all agree that's the decision of the law. That is the law.
>
> He did not exhaust his administrative remedies. He does not have -- If what he's appealing from is the decision of the chief of police, he doesn't have a order or a judgement that he's filing a writ of certiorari from. Or, the petition of certiorari in the Chancery Court because there is no judgement ordered.

5

Now, if he's appealing -- Or, if he's filing a petition for certiorari in regard to the January 6th order, he's barred by the 60 days.

So, we're at the point of -- You know, there is nothing before this Court.

I'm going to dismiss his petition for writ of certiorari. If he's relying on the January 6, 1994 order, he's barred by the Statute of Limitations.

If he's dissatisfied with the decision of chief of police, then he's not timely or properly before the Court because he's not got an order or judgement he's filed this petition of certiorari in the Chancery Court from."

Lt. Paris then appealed and we now face the same dilemma that the Trial Court faced.

We begin with analysis of T.C.A. §27-9-101 and T.C.A. §27-9-102 when those statutes are applied to the facts of this case. T.C.A. §27-9-101 provides a right of review for anyone aggrieved ". . . by any final order or judgement of any board or commission . . ." T.C.A. §27-9-102 provides that such parties shall ". . . within sixty (60) days from the entry of the order or judgement . . ." file a petition for certiorari in the Chancery Court.

It is unfortunate that the hearing of November 30, 1994 resulted in the Order entered January 3, 1995 remanding the case to the Administrative Law Officer for the extensive evidentiary procedures that followed. The original Petition for Certiorari filed April 29, 1994, was dead on arrival in the Chancery Court for reasons stated by the Trial Judge after the September 10, 1996 hearing. If, the Appellant had been filing a Petition for Certiorari from the agreed order before the Personnel Review Board of January 6, 1994, then the Petition filed April 29, 1994 was obviously well past the sixty (60) days authorized by T.C.A. §27-9-102. It is, however, equally clear from this record, that it was not the January 6, 1994 agreed order before the Personnel Review Committee that was the subject of the Certiorari Petition, but rather, the letter from Chief Tomlinson of February 24, 1994, terminating Lt. Paris from the Lebanon Police Department. This letter is not a ". . . final order or judgement of any board or commission . . ." within the meaning of T.C.A. §27-9-101, nor is it ". . . the order or judgement . . ." within the meaning of T.C.A. §27-9-102. The letter from Chief Tomlinson is, therefore, not a

6

matter that is a proper subject of a Petition for Certiorari. The proper action for the Plaintiff would have been the same action he had previously taken from the disciplinary order of Acting Chief, Billy Weeks. Whether the Personnel Review Board still existed or had been replaced by the Administrative Law Officer by the time of the Chief Tomlinson discharge letter is immaterial. An adequate administrative remedy existed for Paris by way of an appeal to either the Personnel Review Board or the Administrative Law Officer and this adequate remedy was disregarded in favor of an application to the Chancery Court for a Writ of Certiorari, which simply does not lie to review a termination letter from the Chief of Police. The Petition for Certiorari, filed more that sixty (60) days after the January 6, 1994 agreed settlement before the Board of Review, would be filed too late, Wilson v. Town of Greenville 509 S.W.2d 495. T.C.A. §27-9-101 and T.C.A. §27-9-102 must be complied with or the Chancery Court does not have subject matter jurisdiction of the purported Petition for Certiorari, Thandiwe v. Traughber, et al, 909 S.W.2d. 802.

Nowhere in the proceedings before the Chancery Court is any mention made of T.C.A. §27-9-114. This section provided, prior to Chapter 1001 §1 of the Public Acts of 1988:

> "27-9-144. Proceedings involving certain public employees. --
>
> (a) No court of record of this state shall entertain any proceeding involving the civil service status of a county or municipal employee when such proceeding is in the nature of an appeal from a ruling of a city or county official or board which affects the employment status of a county or city employee, except such proceeding be one of common law certiorari.
>
> (b) Any such proceeding shall be heard by a judge or chancellor without the intervention of a jury.
>
> ( c) This section shall supersede and displace provisions of city charters to the contrary."

T.C.A. §27-9-114 was, thus, originally verbatim codification of Chapter 266 of the Acts of 1949.

This statute provided little change from preexisting law, but the Supreme Court of Tennessee in <u>Huddleston v. City of Murfreesboro</u> 635 S.W. 2d 694 (1982), held that the Court review, provided by T.C.A. 27-9-114, provided the exclusive remedy for Judicial Review of administrative determinations respecting the employment status of county or municipal employees. The Supreme Court remanded the case:

> ". . . to the circuit court for a review of the record certified to it from the City Council, such review to be restricted to that afforded by our law of common law certiorari, that is, the reviewing court should determine from the evidence filed before the lower tribunal whether that tribunal acted arbitrarily, illegally or without material supporting evidence."

<u>Huddleston v. City of Murfreesboro</u> 635 S.W. 2d 694, 696

It was not until Chapter 1001 of the Public Acts of 1988 became effective January 1, 1989, that any substantive change in the standard of review occurred.

This 1988 Act repealed the previous §27-9-114 and recodified it, so that, subsequent to January 1, 1989, the law provided, insofar as it is material to the case at bar, the following:

> "27-9-114. Proceedings involving certain public employees. --
>
> (a) (1)  Contested case hearings by civil service boards of a county or municipality which affect the employment status of a civil service employee shall be conducted in conformity with contested case procedures under the Uniform Administrative Procedures Act, compiled in title 4, chapter 5, part 3.
>
> • • •
>
> (b) (1)  Judicial review of decisions by civil service boards of a county or municipality which affects the employment status of a county or city civil service employee shall be in conformity with the judicial review standards under § 4-5-322 of the Uniform Administrative Procedures Act.
>
> (2) Petitions for judicial review of decisions by a city or county civil service board affecting the employment status of a civil service employee shall be filed in the chancery court of the county wherein the local civil service board is located."

Tennessee Code Annotated. §27-9-114

The powers of Judicial Review possessed by the Chancery Court under T.C.A. §4-5-322 are much more broad in scope than the powers of review under traditional common law certiorari. Among the powers given the reviewing Court under T.C.A. §4-5-322 are:

8

"(g)  The review shall be conducted by the court without a jury and shall be confined to the record. In cases of alleged irregularities in procedure before the agency, not shown in the record, proof thereon may be taken in the court.

(h)  The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are:

(1) In violation of constitutional or statutory provisions;

(2) In excess of the statutory authority of the agency;

(3) Made upon unlawful procedure;

(4) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or

(5) Unsupported by evidence which is both substantial and material in the light of the entire record.

In determining the substantiality of evidence, the court shall take into account whatever in the record fairly detracts from its weight, but the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact."

The Legislative command of T.C.A §27-9-114 has thus mandated, at least since January 1, 1989, that proceedings before county or municipal civil service boards must be conducted in conformity with the Uniform Administrative Procedures Act and that Judicial Review of such civil service board hearings must be in the Chancery Court in the county wherein the local civil service board is located and the standard of Chancery Review must conform to T.C.A. §4-5-322.

It must be noted, that all actions of everyone involved in the case at bar, occurred subsequent to January 1, 1989, the effective date of amended T.C.A. §27-9-114, adopting appropriate provisions of the Uniform Administrative Procedures Act.  The standards of review, provided by the present T.C.A. §27-9-114, provide the presently applicable law. Holder v. City of Chattanooga  878 S.W.2d. 950. (1993).

T.C.A. §4-5-322 (b)(1) provides in pertinent part concerning Judicial review:

". . . Such petition shall be filed within sixty (60) days after the entry of the agency's final order thereon . . ."

The problem for the Appellant at bar, at either common law certiorari or Judicial Review under T.C.A. §27-9-114 and T.C.A. §4-5-322 is that we are dealing with subject matter jurisdiction. The lack of adjudicatory power, by a Court lacking subject matter jurisdiction, has long been settled as it relates to certiorari. Thandiwe v. Traughber 909 S.W. 2d. 802 (Tenn. App. 1994). The lack of adjudicatory power, by a Court lacking subject matter jurisdiction, is equally settled under T.C.A. §4-5-322. Bishop v. Tennessee Department of Corrections 896 S.W.2d. 557 (Tenn. App. 1994).

Just as the termination letter from Chief Tomlinson of February 24, 1994 was not a ". . . final order or judgement of any board or commission . . ." within the meaning of T.C.A. §27-9-101, so the letter is not ". . . a final decision in a contested case . . ." within the meaning of T.C.A. §4-5-322.

Such being the case, this Court has no subject matter jurisdiction just as the Trial Court had no subject matter jurisdiction.

Thus, the action of the Chancellor in the belated dismissal of the Petition of Certiorari is affirmed.

_____
**WILLIAM B. CAIN, JUDGE**

**CONCUR:**

_____
**HENRY F. TODD,**
**PRESIDING JUDGE, MIDDLE SECTION**


_____
**WILLIAM C. KOCH, JR., JUDGE**